IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEDRIC PATTERSON, doing business as Patterson Agriculture, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GENERAL TRUCK SALES, | ) ) |
| Defendant. | ) ) |

2:24-cv-02846-TLP-atc

JURY DEMAND

## ORDER ADOPTING REPORT AND RECOMMENDATION

In her Report and Recommendation ("R&R"), Magistrate Judge Annie T. Christoff recommended that this Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons below, this Court **ADOPTS** the R&R.

### BACKGROUND AND THE R&R

In November 2024, pro se Plaintiff Dedric Patterson sued Defendant General Truck Sales. (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Judge Christoff for management of all pretrial matters. On December 2, 2024, Defendant moved to dismiss the claims against it, arguing Plaintiff failed to state a claim. (ECF No. 9.) Under LR 12.1(b), Plaintiff had twenty-eight days to respond. He did not do so.

Judge Christoff then held a scheduling conference on January 17, 2025, and told Plaintiff that he had through January 31, 2025, to respond. (ECF No. 14.) When he again failed to respond, Judge Christoff issued an order to show cause on February 11, 2025, giving Plaintiff thirteen days to explain why the case should not be dismissed. (ECF No. 17.) Judge Christoff

advised Plaintiff that failure to respond "may result in the Motion being granted and dismissal of this case." (*Id.*) Plaintiff again failed to respond.

As a result, Judge Christoff entered this R&R, recommending dismissal of the case without prejudice for failure to prosecute. (ECF No. 19.) Plaintiff did not object to the R&R. The Court now turns to the legal standard and then reviews the R&R.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R on March 11, 2025. Neither party objected, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R. In fact, the Court agrees with her analysis. Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order. And the Supreme Court has recognized a district court's inherent power to dismiss a case for failure to prosecute. *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts

to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four non-dispositive factors: 1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; 3) if the party was warned that failure to respond could lead to dismissal; and 4) if less drastic sanctions were considered.  *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)).  All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570.

Judge Christoff applied these factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) without prejudice.  (ECF No. 19 at PageID 71–74.)  For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737).  Plaintiff here failed to respond to Defendant's motion to dismiss even though Judge Christoff gave him an extension during a scheduling conference.  (ECF No. 14.)  When he failed to meet the new deadline, Judge Christoff entered a show cause order.  (ECF No. 17.)  And then he failed to respond to the show cause order.  Plaintiff's failure to prosecute has thus caused multiple delays and disruptions to this Court, to Defendant, and to Defendant's counsel.  So the first factor favors dismissal.  S*ee Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (holding that bad faith exists when a party delays or disrupts the litigation process).

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Wright v. City of Germantown, Tenn.*, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570)). As already described, Plaintiff's conduct has prejudiced Defendant. Plaintiff's failure to respond required an extension and an order to show cause, thereby delaying the litigation process. *See Lacey v. Wells Fargo, N.A.*, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining how the defendants suffered prejudice during the show cause process).

The third factor— notice—focuses on whether dismissal is a fair result. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor supports dismissal here. In the show cause order, Judge Christoff warned Plaintiff that failure to respond may result in dismissal without prejudice. (ECF No. 17.) So the Court adequately warned Plaintiff.

Finally, the fourth factor does not require a court to implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In fact, if a party ignores court orders and still fails to prosecute his case, dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several Court orders, including a show cause order). Judge Christoff extended Plaintiff's time to respond to the motion and issued a show cause order before recommending dismissal. And Plaintiff still failed to respond, showing continued disregard for the case. Given the extension and show cause order, the Court agrees with Judge Christoff that any other sanction would be inadequate.

Simply put, Plaintiff's conduct here shows little intention to prosecute this case, and it would be futile to give a lesser sanction. Plaintiff did not respond after receiving an extension or to the show cause order, despite the warning that the case would be dismissed. Nearly three months have passed since Judge Christoff entered the R&R, and Plaintiff has still failed to respond to the show cause order or to object to the R&R in any way. Instead, Plaintiff has shown a continued disregard for this case.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R and finds no clear error. And so, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 9th day of June, 2025.

                                           s/ Thomas L. Parker  
                                           THOMAS L. PARKER  
                                           UNITED STATES DISTRICT JUDGE